# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

Appeal No. 25-10889-HH

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KENNETH RIDGARD

Defendant-Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

INITIAL BRIEF OF APPELLANT RIDGARD

A. Fitzgerald Hall, Esq.
Acting Federal Defender
Middle District of Florida

M. Allison Guagliardo, Esq.
Florida Bar No. 0800031
Assistant Federal Defender
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone:  (813) 228-2715
Email:  allison_guagliardo@fd.org
Counsel for Appellant Ridgard

**Appeal No. 25-10889-HH**

*United States of America v. Kenneth Ridgard*

**CERTIFICATE OF INTERESTED PERSONS**

The persons listed below have an interest in the outcome of this case:

Adams, Carolyn J.

Baker, The Honorable David A.

Bentley, III, A. Lee

Boggs, Jr., Emmett J.

Byron, The Honorable Paul G.

Collins, Meghan A.

Cruz, Brandon

Fawsett, The Honorable Patricia C.

Glazebrook, The Honorable James G.

Guagliardo, M. Allison

Hall, A. Fitzgerald

Handberg, Roger B.

Hawthorne, Aziza

Hoppmann, Karin

Howard, Katherine

Hyde, Erin B.

C1 *of* 3

**Appeal No. 25-10889-HH**

*United States of America v. Kenneth Ridgard*

**CERTIFICATE OF INTERESTED PERSONS, cont'd.**

Irick, The Honorable Daniel C.

Kehoe, Gregory W.

Kelly, The Honorable Gregory J.

Kidd, The Honorable Embry J.

Lopez, Maria Chapa

Muldrow, W. Stephen

Nair, Alisha Marie S.

Perez, Paul I.

Perez-Irizarry, Carlos A.

Price, The Honorable Leslie Hoffmann

Rhodes, David P.

Ridgard, Kenneth

Ryan, Michael S.

Seider, Germaine M.

Smith, Michelle P.

Sweeney, Sara

Testerman, Megan

**Appeal No. 25-10889-HH**

*United States of America v. Kenneth Ridgard*

**CERTIFICATE OF INTERESTED PERSONS, cont'd.**

Willing, Patricia A.

No publicly traded company or corporation has an interest in the outcome of this case.

C3 *of* 3

**STATEMENT REGARDING ORAL ARGUMENT**

Appellant Kenneth Ridgard respectfully requests oral argument.

## TABLE OF CONTENTS

Certificate of Interested Persons .................................................................C1 *of* 3

Statement Regarding Oral Argument ................................................................. i

Table of Contents.................................................................................... ii

Table of Authorities ............................................................................... iv

Statement of Subject-Matter and Appellate Jurisdiction ........................................ vi

Statement of the Issue ...............................................................................1

Statement of the Case................................................................................1

    Course of Proceedings ........................................................................1

    I.    At the original sentencing, the district court imposed "a term"
        of supervised release of five years ...........................................................1

    II.   At the prior revocation hearings, the district court reimposed "a term"
        of supervised release .........................................................................2

        A.   2017 revocation ...........................................................................2

        B.   2020 revocation .........................................................................3

    III.   The instant revocation ........................................................................4

    Statement of Facts...........................................................................5

Standards of Review ................................................................................5

Summary of the Argument...........................................................................6

## TABLE OF CONTENTS – *cont'd*

Argument and Citations of Authority ..................................................................6

    The district court lacked jurisdiction and exceeded the statutory maximum penalties by imposing two 24-month consecutive prison terms and two concurrent supervised release terms, when there was only a single supervised release term to revoke ...............................................6

Conclusion ........................................................................................................10

Certificate of Compliance ................................................................................10

Certificate of Service ........................................................................................11

# TABLE OF AUTHORITIES

**Cases**                                                                      **Page(s)**

*Anders v. California*, 386 U.S. 738 (1967)..................................................................3

*Davis v. United States*, 589 U.S. 345 (2020) ..............................................................9

*Johnson v. United States*, 529 U.S. 694 (2000) ..........................................................2

*United States v. Bates*, 213 F.3d 1336 (11th Cir. 2000) .............................................5

*United States v. Bushert*, 997 F.2d 1343 (11th Cir. 1993)...........................................8

*United States v. Dillon*, 725 F.3d 362 (3d Cir. 2013)............................................... 7-9

*United States v. Eskridge*, 445 F.3d 930 (7th Cir. 2006)............................................7

*United States v. Klopf*, 423 F.3d 1228 (11th Cir. 2005) .............................................8

*United States v. Murat*, 132 F.4th 1347 (11th Cir. 2025),
    *petition for cert. filed*, No. 24-7527 (June 26, 2025)...........................................5

*United States v. Quinones*, 136 F.3d 1293 (11th Cir. 1998).......................................6

*United States v. Sanchez*, 586 F.3d 918 (11th Cir. 2009)...........................................9

*United States v. Starnes*, 376 F. App'x 942 (11th Cir. 2010)............................ 5, 7-9

**Statutes**

18 U.S.C. § 2252A .......................................................................................................1

18 U.S.C. § 3231 .......................................................................................................vi

18 U.S.C. § 3559.........................................................................................................2

18 U.S.C. § 3583 ..............................................................................................2-3, 6-9

## TABLE OF AUTHORITIES – *cont'd*

**Statutes**                                                          **Page(s)**

18 U.S.C. § 3742 .................................................................................................vi

28 U.S.C. § 1291 ................................................................................................vi


**Rules**

Fed. R. App. P. 32 ..............................................................................................10

Fed. R. Crim. P. 52 ..............................................................................................9

## STATEMENT OF SUBJECT-MATTER
## AND APPELLATE JURISDICTION

This is a direct appeal from the final judgment of a supervised release revocation in a criminal case, No. 6:05-cr-193-PGB-DAB (M.D. Fla.), entered on March 13, 2025.  Doc. 179.[1]  The district court had original jurisdiction pursuant to 18 U.S.C. § 3231, but it lacked jurisdiction to impose a sentence above the statutory maximum.  *See* Argument, *infra*.

Defendant-Appellant Kenneth Ridgard timely filed a notice of appeal on March 17, 2025.  Doc. 180.  This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

---

[1]     This brief cites the district court record ("Doc.") using the page numbers in the CM/ECF header and cites the U.S. Probation memoranda and violation packet using their own page numbers.

## STATEMENT OF THE ISSUE

Whether the district court lacked jurisdiction and exceeded the statutory maximum penalty when it imposed two consecutive 24-month prison terms and two concurrent life terms of supervised release, when there was only one term of supervised release to revoke.

## STATEMENT OF THE CASE

At the instant supervised release revocation hearing, the district court sentenced Rigard to 48 months in prison, consisting of two consecutive 24-month terms, to be followed by two concurrent life terms of supervised release.  Doc. 194 at 24-25.  But because Ridgard was serving and had only ever served a single term of supervised release, the statutory maximum penalties are 24 months in prison and one term of supervised release to follow.  In this direct appeal, Ridgard asks this Court to vacate this sentence that exceeds the statutory maximum.

### Course of Proceedings

**I.      At the original sentencing, the district court imposed "a term" of supervised release of five years**

In 2005, Ridgard entered guilty pleas, pursuant to a plea agreement, to one count of violating 18 U.S.C. § 2252A(a)(2)(B) (Count One) and one count of violating 18 U.S.C. § 2252A(a)(5)(B) (Count Two).  Docs. 13, 30, 46.  Both counts were Class C offenses and carried a supervised release term of any term of years or

1

life.  18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(k); *see* PSR at p. 1; *id.* at ¶¶ 72-73, 78.[2]

The district court sentenced Ridgard to 151 months in prison and "a term" of five years of supervised release.  Doc. 87 at 16 (pronouncing that "[o]n release from imprisonment, the defendant shall be placed on supervised release for <u>a term</u> of five years") (emphasis added); Doc. 46 at 3 (imposing "a term" of five years of supervised release).  The district court accordingly imposed a single term of supervised release at the original sentencing.

Neither Ridgard nor the government appealed from this judgment.

## II.    At the prior revocation hearings, the district court reimposed "a term" of supervised release

### A.    2017 revocation

In 2017, Ridgard violated the original term of supervised release by failing to answer the probation office truthfully.  Doc. 79 at 1; Doc. 98 at 3-4.  At the revocation hearing for that violation, the district court stated that "[t]here is a two-year maximum statutory penalty" and the "maximum term for supervised release is life."  Doc. 98 at 4; *see* U.S. Probation Memorandum at 2 (Sept. 5, 2017) ("2017

---

[2]    This brief cites the version of 18 U.S.C. § 3583 in effect at the time of the original offenses, 2004-2005.  Doc. 46 at 1; *see Johnson v. United States*, 529 U.S. 694 (2000).  The PSR for the original sentencing is attached to the "2025 Supervised Release Violation Packet," which is included in the Sealed Appendix for this appeal.

U.S. Probation Memo"); Doc. 95 at 5 (statement of the prosecutor that "the maximum term of imprisonment upon revocation is . . . two years in this case").[3]

For this violation, the district court sentenced Ridgard to 22 months in prison and supervised release for a term of life. Doc. 98 at 39-40 (pronouncing that, "[u]pon release from imprisonment, you will serve a lifetime of supervised release") (emphasis added); Doc. 79 at 3 (imposing "a term" of life supervised release). The district court thus again imposed a single term of supervised release.

Only Ridgard appealed from this judgment. Doc. 80. Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which this Court granted. Doc. 101; *see* Appeal No. 17-14650.

### B.    2020 revocation

In 2019, Ridgard violated the terms of supervised release by using a computer or online services. Doc. 127 at 1; Doc. 193 at 3. At the revocation hearing held in 2020, the district court again stated that "[t]here is a two-year maximum statutory penalty, and there is a supervised release term of up to life." Doc. 193 at 3; *see id.* at 12 (statement of the prosecutor); U.S. Probation Memorandum at 2 (Sept. 20, 2019) ("2019 U.S. Probation Memo").

---

[3]    The district court, and the parties, thus cited the maximum penalties that apply when there is a single term of supervised release being revoked. 18 U.S.C. § 3583(e)(3), (h), (k); *see* Argument, *infra*.

3

The district court sentenced Ridgard to seven months in prison and a term of ten years of supervised release.  Doc. 193 at 19 (pronouncing that, "[u]pon release from imprisonment, you will serve <u>a ten-year term</u> of supervised release") (emphasis added); Doc. 127 at 3 (imposing "a term" of ten years of supervised release).  The district court thus again imposed a single term of supervised release.

Neither party appealed from this judgment.

### III.    The instant revocation

The instant violations occurred while Ridgard was serving the ten-year supervised release term imposed in 2020.  Ridgard violated the terms of release by failing to register internet identifiers (11 violations) and using a computer or online services (one violation).  Doc. 179 at 1; Doc. 194 at 3-5, 9-10.

This time, the probation office and the government advised that the statutory maximum prison term was 24 months on each of the original counts of conviction, Counts One and Two.  U.S. Probation Memorandum at 4 (Jan. 30, 2025) ("2025 U.S. Probation Memo");[4] Doc. 194 at 8, 20, 23.  The guidelines range was 4 to 10 months in prison.  2025 U.S. Probation Office Memo at 4-5.  The defense initially asked the district court to consider eight months concurrent with five years of supervised release; but after the district court made clear it would not consider a guidelines sentence, the defense recommended a year prison with supervised release to follow.

---

[4]    This memorandum is in the 2025 Supervised Release Violation Packet.

Doc. 194 at 11-19.  The government recommended two 18-month consecutive terms on both Counts One and Two, for a total prison term of 36 months, to be followed by ten years of supervised release.  *Id.* at 20, 23.

The district court sentenced Ridgard to 48 months in prison, consisting of two consecutive 24-month terms on Counts One and Two.  *Id.* at 24-25.  The district court also sentenced Ridgard to multiple supervised release terms for the first time in this criminal case, ordering Ridgard to "serve a lifetime of supervised release on Count 1 and 2 to run concurrently."  *Id.* at 25.[5]

After imposition of sentence, the defense did not add any objections.  Doc. 194 at 25.  Ridgard is currently incarcerated.

## Statement of Facts

The pertinent facts are addressed above.

## Standards of Review

This Court reviews jurisdictional questions de novo.  *United States v. Murat*, 132 F.4th 1347, 1349 (11th Cir. 2025), *petition for cert. filed*, No. 24-7527 (June 26, 2025).  This Court reviews sentencing challenges not raised below for plain error.  *Id.* at 1349-50; *United States v. Starnes*, 376 F. App'x 942, 944 (11th Cir. 2010).

---

[5]    The written judgment does not reflect the district court's oral pronouncement of two concurrent supervised release terms, Doc. 179 at 4, but the oral pronouncement controls.  *United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000).

## SUMMARY OF THE ARGUMENT

The district court imposed "a term" of supervised release at Ridgard's original sentencing and prior revocation sentencings. Because Ridgard was serving a single term of supervised release, the statutory maximum penalties that apply to the instant revocation are 24 months in prison and one term of supervised release to follow.

The district court, however, sentenced Ridgard to 48 months in prison (two consecutive 24-month prison terms) and two concurrent life terms of supervised release. Because this sentence exceeds the statutory maximum penalties, Ridgard's sentence must be vacated.

## ARGUMENT AND CITATIONS OF AUTHORITY

**The district court lacked jurisdiction and exceeded the statutory maximum penalties by imposing two 24-month consecutive prison terms and two concurrent supervised release terms, when there was only a single supervised release term to revoke**

Congress has provided a maximum revocation prison sentence of 24 months when the term of supervised release was originally imposed for offenses that are, as here, Class C felonies. 18 U.S.C. § 3583(e)(3). When multiple terms of supervised release were imposed, this Court's precedent permits a district court to revoke each supervised release term and sentence a defendant to consecutive prison terms. *United States v. Quinones*, 136 F.3d 1293, 1294-95 (11th Cir. 1998) (affirming 36-month prison sentence, comprised of two consecutive 18-month prison terms, where "Quinones had two such terms" of supervised release). But when only one

6

supervised release term was imposed, 24 months remains the maximum prison sentence. 18 U.S.C. § 3583(e)(3); *Starnes*, 376 F. App'x at 945-47 (vacating 30-month prison sentence because it exceeded the 24-month statutory maximum that applies when there is "only one term of supervised release").

Ridgard was serving only one term of supervised release. At Ridgard's original sentencing, the district court imposed "a term" of supervised release of five years. Doc. 87 at 16 (imposing "a term" of five years); Doc. 46 at 3 (imposing "a term" of five years). At the prior revocations hearings, the district court likewise imposed a term of supervised release (*see* pp. 2-4, *supra*), including the single ten-year term Ridgard was serving (Doc. 193 at 19 (imposing "a ten-year term"); Doc. 127 at 3 (imposing "a term" of ten years)) when he committed the instant violations. As this Court and other circuits have held, "[t]he use of the singular 'a term' plainly refers to only one term of supervised release." 376 F. App'x at 945 (citing *United States v. Eskridge*, 445 F.3d 930, 935 (7th Cir. 2006)); *accord United States v. Dillon*, 725 F.3d 362, 363, 365-68 (3d Cir. 2013). Ridgard was accordingly serving only one supervised release term.

As a result, the statutory maximum revocation sentence is 24 months in prison. 18 U.S.C. § 3583(e)(3); *Starnes*, 376 F. App'x at 945. Indeed, the district court at the prior revocation hearings recognized that 24 months is the maximum prison sentence. *See* pp. 2-3, *supra.* And the statutory maximum supervised release is "a

7

term" of supervised release to follow that singular term of imprisonment. 18 U.S.C. § 3583(h) ("When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment."); 18 U.S.C. § 3583(e)(3), (k); *Dillon*, 725 F.3d at 368 ("[W]here, as here, a district court's sentence includes 'a term' of supervised release, the court may not sentence the defendant to multiple terms of reimprisonment and/or supervised release upon a subsequent revocation of supervised release").

The district court's sentence of 48 months in prison and two supervised release terms accordingly exceeds the statutory maximum. 18 U.S.C. § 3583(e)(3), (h), (k); *Starnes*, 376 F. App'x at 946-47; *Dillon*, 725 F.3d at 368-69. Ridgard's sentence must therefore be vacated.

As this Court has recognized, a district court lacks jurisdiction to impose a sentence that exceeds the statutory maximum. *United States v. Bushert*, 997 F.2d 1343, 1350 n.18 (11th Cir. 1993) ("It is both axiomatic and jurisdictional that a court of the United States may not impose a penalty for a crime beyond that which is authorized by statute."). This Court has recognized the necessity of vacating and remanding such sentences. *See, e.g.*, *United States v. Klopf*, 423 F.3d 1228, 1244-45 (11th Cir. 2005) (concluding a remand "is necessary" where sentence exceeded

statutory maximum, though neither party had brought the error to the district court's attention).

But even if plain-error review applies, Ridgard's sentence must be vacated. *Starnes*, 376 F. App'x at 946-47; *Dillon*, 725 F.3d at 368-69. The revocation sentence is plainly erroneous because the language in the underlying proceedings imposing "a term" of supervised release is unambiguous and the revocation sentence exceeds the statutory maximum. 18 U.S.C. § 3583(e)(3), (h); *Starnes*, 376 F. App'x at 946; *Dillon*, 725 F.3d at 368; *see United States v. Sanchez*, 586 F.3d 918, 930 (11th Cir. 2009) (vacating sentences enhanced above the statutory maximum where, as the government conceded, error was plain based on the language of the statutory provisions and record of the prior conviction); *see also Davis v. United States*, 589 U.S. 345, 347 (2020) (holding that unpreserved factual errors fall within the purview of plain-error review under Federal Rule of Criminal Procedure 52(b)).

The error here has affected Ridgard's substantial rights because it resulted in a prison term two years longer, and in an extra supervised release term, than authorized by statute. *Starnes*, 376 F. App'x at 946-47; *Dillon*, 725 F.3d at 369. Finally, this error seriously calls into question the fairness, integrity, and public reputation of the proceedings. *Starnes*, 376 F. App'x at 947; *Dillon*, 725 F.3d at 369. Indeed, under this Court's precedent, Rigard's sentence must be vacated. *Starnes*, 376 F. App'x at 947.

9

## CONCLUSION

For the foregoing reasons, the Court should vacate Ridgard's sentence and remand for resentencing.

> Respectfully submitted,
>
> A. Fitzgerald Hall, Esq.
> Acting Federal Defender
> Middle District of Florida
>
> */s/ M. Allison Guagliardo*
> M. Allison Guagliardo, Esq.
> Florida Bar No. 0800031
> Assistant Federal Defender
> 400 North Tampa Street, Suite 2700
> Tampa, Florida 33602
> Telephone:  (813) 228-2715
> Email:  allison_guagliardo@fd.org
> Counsel for Appellant

## CERTIFICATE OF COMPLIANCE

In accordance with Fed. R. App. P. 32(g)(1), I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7) because it contains 2,122 countable words according to Microsoft Word's word count.

## CERTIFICATE OF SERVICE

I certify that on July 25, 2025, the foregoing was filed using the Court's Electronic Case Filing system, which will serve notice of the filing on the U.S. Attorney's Office.

*/s/ M. Allison Guagliardo*
M. Allison Guagliardo, Esq.
Counsel for Appellant