# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

## Appeal No. 25-10889-HH

---

## UNITED STATES OF AMERICA

### Plaintiff-Appellee

### v.

## KENNETH RIDGARD

### Defendant-Appellant

---

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

---

## REPLY BRIEF OF APPELLANT RIDGARD

---

**Charles L. Pritchard, Jr.**
**Federal Public Defender**
**Middle District of Florida**

**M. Allison Guagliardo**
**Florida Bar No. 0800031**
**Assistant Federal Defender**
**400 North Tampa Street, Suite 2700**
**Tampa, Florida 33602**
**Telephone:  (813) 228-2715**
**Email:  allison_guagliardo@fd.org**
**Counsel for Appellant Ridgard**

# TABLE OF CONTENTS

Table of Contents ............................................................................... i

Table of Authorities ........................................................................ iii

Reply Brief ....................................................................................... 1

Reply Statement of Facts ................................................................. 2

Reply Argument and Citations of Authority .................................... 6

    The district court lacked jurisdiction and exceeded the statutory maximum penalties by imposing two 24-month consecutive prison terms and two concurrent supervised release terms, when there was only a single supervised release term to revoke ............................... 6

    A.    The invited-error doctrine, on which the government relies, does not apply here where the defense did *not* request the error—two *consecutive* prison terms, a prison term *exceeding* 24 months, nor *multiple* terms of supervised release to follow ...................................... 6

        1.  Legal standards ............................................................... 7

        2.  Ridgard did not invite the error ....................................... 8

    B.    At each of the previous supervised release revocation proceedings, held in 2017 and 2020, the district court, government, and probation office all recognized the statutory maximum of 24 months in prison—the maximum that applies when a defendant is serving one term of supervised release .............. 14

    C.    The district court's sentence of 48 months in prison and two lifetime terms of supervised release exceeds the statutory maximum applicable to Ridgard and must be vacated on any standard of review ............................................................... 22

Conclusion ..................................................................................... 25

## TABLE OF CONTENTS – *cont'd*

Certificate of Compliance ...................................................................................25

Certificate of Service ........................................................................................26

## TABLE OF AUTHORITIES

**Cases**                                                                                      **Page(s)**

*United States v. Bushert*, 997 F.2d 1343 (11th Cir. 1993).......................................23

*United States v. Charles*, 129 F.4th 1334 (11th Cir. 2025) ..........................7, 11, 23

*United States v. Cobbs*, 967 F.2d 1555 (11th Cir. 1992)..........................................23

*United States v. Dillon*, 725 F.3d 362 (3d Cir. 2013)........................... 15, 18, 20-23

*United States v. Dortch*, 696 F.3d 1104 (11th Cir. 2012)....................................7, 12

*United States v. Eskridge*, 445 F.3d 930 (7th Cir. 2006)............................ 14, 18-20

*United States v. Green*, 158 F.4th 1347 (11th Cir. 2025)........................................10

*United States v. Gresham*, 325 F.3d 1262 (11th Cir. 2003) ...................................20

*United States v. Hamilton*, 853 F. App'x 599 (11th Cir. 2021)...........................7, 11

*United States v. Hollins*, 664 F. Appx 779 (11th Cir. 2016) ...................................18

*United States v. Klopf*, 423 F.3d 1228 (11th Cir. 2005) .............................................8

*United States v. Love*, 449 F.3d 1154 (11th Cir. 2006) ...........................................24

*United States v. Moriarty*, 429 F.3d 1012 (11th Cir. 2005)....................................18

*United States v. Sanchez*, 586 F.3d 918 (11th Cir. 2009)........................................24

*United States v. Starnes*, 376 F. App'x 942 (11th Cir. 2010)............... 14, 17, 19-24

*United States v. Stone*, 139 F.3d 822 (11th Cir. 1998) ...............................................7

*United States v. Williams*, 361 F. App'x 45 (11th Cir. 2010) .................................11

## TABLE OF AUTHORITIES – *cont'd*

**Statutes**                                                                                   **Page(s)**

18 U.S.C. § 2252A ........................................................................................2

18 U.S.C. § 3583 ...............................................................................4, 10, 20


**Rules**

Fed. R. App. P. 32 ........................................................................................25

**REPLY BRIEF**

The sole question in this appeal is whether the district court's decision to sentence Kenneth Ridgard to two consecutive 24-month prison terms (48 months total) and two concurrent life supervised release terms exceeds the statutory maximum.  As Ridgard has demonstrated in the initial brief and further addresses below, it does.  Initial Br. at 1, 6-9.[1]

Because Ridgard was serving and had only ever served a single term of supervised release, the statutory maximum penalties that applied to the instant violations are 24 months in prison and one term of supervised release to follow. Initial Br. at 6-9.  That Ridgard was serving only one term of supervised release is easily—and plainly—confirmed by the statutory penalties applied at Ridgard's previous supervised release revocation hearings held in 2017 and 2020.  At each, the district court, government, and probation office all recognized that the statutory maximum prison term was 24 months—the maximum that applies when a defendant is serving *only one* term of supervised release.  *Id.* at 2-3 & n.3; *id.* at 7.  At the 2020 hearing, the government, on behalf of the probation office, also requested a prison

---

[1]    This brief cites the district court record ("Doc.") using the page numbers in the CM/ECF header.  This brief cites to the U.S. Probation Office's 2017 and 2019 Memoranda and 2025 Supervised Release Violation Packet (all included in the Appellant's Sealed Appendix) and to the parties' briefs using their own page numbers.  The PSR is included within the 2025 Supervised Release Violation Packet.

sentence of 24 months, expressly recognizing that that sentence "is the maximum statutory provision." Doc. 193 at 12.

Remarkably, the government now claims that the record is not clear whether Ridgard was serving one or two supervised release terms. Gov't Br. at 33-41. But the government cannot ignore the material portions of the record to argue that the record is not plain. *See id.*

On this record, the record is plain that the maximum is 24 months in prison and one term of supervised release to follow. Ridgard therefore respectfully requests that this Court vacate the 48-month-prison-term and two-supervised-release-term sentence, which exceeds the statutory maximum.

REPLY STATEMENT OF FACTS

The government has submitted a lengthy, 23-page summary of this case's factual and procedural history. Gov't Br. at 1-23. But the material facts and procedural history for determining the statutory maximum sentence are these:

At the original sentencing, the district court sentenced Ridgard on one count of violating 18 U.S.C. § 2252A(a)(2)(B) (Count One) and one count of violating 18 U.S.C. § 2252A(a)(5)(B) (Count Two). Initial Br. at 1. Both counts were Class C felonies, with statutory penalties of five to 20 years in prison on Count One and up to 10 years in prison on Count Two. *Id.* at 1-2; PSR at p. 1; *id.* at ¶¶ 72-73. The district court could also impose any term of years up to life supervised release on

2

each count, and the guidelines recommended life supervised release.  Initial Br. at 1-2; PSR at ¶¶ 78, 80.

The defense requested a below-guidelines sentence or, alternatively, a low-end sentence of 151 months, while the government requested a high-end prison sentence of 188 months.  Doc. 87 at 9-11.  The defense requested treatment for Ridgard while in prison and on supervised release.  *Id.* at 8-9.  But the government made no request as to supervised release, including as to its length or the number of terms.  *Id.* at 10-11.

The district court sentenced Ridgard to 151 months in prison and "a term" of five years of supervised release.  Initial Br. at 2; Doc. 87 at 16 (orally pronouncing that "[o]n release from imprisonment, the defendant shall be placed on supervised release for a term of five years"); Doc. 46 at 3 (imposing "a term" of five years of supervised release).  The district court accordingly imposed "a term" of supervised release.

Ridgard has previously had this supervised release term revoked twice, in 2017 and 2020.  Initial Br. at 2-4.  At each revocation hearing, the district court, government, and probation office all recognized that 24 months was the statutory maximum prison term—the maximum that applies when a defendant is serving only one term of supervised release.  *Id.* at 2-3 & n.3.  Here are their statements on the record:

**Table 1. Statutory Maximum Prison Term**

|  | Government | Probation Office | District Court |
|---|---|---|---|
| **2017 revocation** | "[T]he maximum term of imprisonment upon revocation is, is two years in this case." (Doc. 95 at 5) | "The term revoked . . . shall not be more than 2 years if such offense is a Class C . . . felony." (2017 U.S. Probation Memo at 2) | "There is a two-year maximum statutory penalty." (Doc. 98 at 4) |
| **2020 revocation** | "[T]he recommended sentence of the Probation Office . . . [is] at two years, which is the maximum statutory provision." (Doc. 193 at 12) | "[T]he Court may revoke supervised release and impose a term of incarceration up to two years." (2019 U.S. Probation Memo at 2) | "There is a two-year maximum statutory penalty." (Doc. 193 at 3) |

*See* Initial Br. at 2-3; *id.* at 6-7 (citing 18 U.S.C. § 3583(e)(3)).[2]

The sentences requested, and imposed, at the 2017 and 2020 revocation proceedings further confirm that Ridgard was serving one term of supervised release:

2017.    At this revocation hearing, the government and probation office recommended "a nine-month sentence and a lifetime term of supervised release to follow." Doc. 98 at 31. The district court imposed a prison sentence of 22 months, higher than that recommended by the government and probation office but still within the 24-month maximum. *Id.* at 39-40 (oral pronouncement); *see* Doc. 79 at 2 (written judgment). The district court agreed with the government and probation office's recommended supervised release term, imposing "a lifetime of supervised

---

[2]    In its brief, the government acknowledges the district court's statements, Gov't Br. at 10, 16, but never acknowledges its own, *id.* at 1-43.

4

release."   Doc. 98 at 40 (oral pronouncement) (emphasis added); Doc. 79 at 3 (written judgment, imposing "a term" of life supervised release).

2020.   When Ridgard's supervised release term was then revoked in 2020, the government, on behalf of the probation office, requested a prison sentence of 24 months—expressly telling the district court that that sentence "is the maximum statutory provision." Doc. 193 at 12. The government also relayed the probation office's recommendation of "reducing" Ridgard's supervised release term from life to ten years. *Id.* at 15.

The district court sentenced Ridgard to seven months in prison. *Id.* at 19 (oral pronouncement); *see* Doc. 127 at 2 (written judgment). As for the supervised release term to follow, the district court agreed with the government and probation office to "reduce[] the term from life to ten years." Doc. 193 at 19 (emphasis added). The district court thus imposed "a ten-year term of supervised release." *Id.* (oral pronouncement) (emphasis added); *see* Doc. 127 at 3 (written judgment, imposing "a term" of 10 years of supervised release).

Ridgard was serving this singular 10-year term of supervised release when he committed the instant violations. Initial Br. at 4.

**REPLY ARGUMENT AND CITATIONS OF AUTHORITY**

**The district court lacked jurisdiction and exceeded the statutory maximum penalties by imposing two 24-month consecutive prison terms and two concurrent supervised release terms, when there was only a single supervised release term to revoke**

At the instant revocation hearing, the district court sentenced Ridgard to two consecutive 24-month terms in prison (48 months total) and to two concurrent life supervised release terms. Initial Br. at 5. But because Ridgard was serving and had only ever served a single term of supervised release, the statutory maximum penalties are 24 months in prison and one term of supervised release. Ridgard's sentence thus exceeds the statutory maximum. *Id.* at 6-9.

Contrary to the government's argument, the defense did not invite the district court's error. *See* Argument A, *infra*. Moreover, because the sentence exceeds the statutory maximum, this Court's precedent requires the vacatur of the sentence under any standard of review. *See* Arguments B and C, *infra*.

A. **The invited-error doctrine, on which the government relies, does not apply here where the defense did *not* request the error—two *consecutive* prison terms, a prison term *exceeding* 24 months, nor *multiple* terms of supervised release to follow**

The government first argues that this Court should not review the sentence the district court imposed above the statutory maximum because, in its view, Ridgard invited the error. Gov't Br. at 27-30. But Ridgard did not invite the district court's error.

6

### 1.    Legal standards

The invited-error doctrine applies when an appellant has invited or induced the district court into making an error. *United States v. Stone*, 139 F.3d 822, 838 (11th Cir. 1998). The rationale for this doctrine is straightforward: "the defendant should not benefit from introducing error [in the district court] with the intention of creating grounds for reversal on appeal." *Id.* This Court accordingly applies the invited-error doctrine when a defendant requested the error below and then attempts to challenge that error on appeal. *See United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) (concluding defense invited any error on imposition of supervised release where "Love's counsel repeatedly requested" supervised release in lieu of additional jail time and "even suggested the court impose" two years of supervised release).

But this Court does not apply the doctrine when the issue was "not knowingly and understandingly waived" in the lower court. *Stone*, 139 F.3d at 839. Nor does the Court apply the doctrine to a defendant's "ambiguous" statement below or to his "fail[ure] to object." *United States v. Dortch*, 696 F.3d 1104, 1112 (11th Cir. 2012); *see United States v. Hamilton*, 853 F. App'x 599, 601 (11th Cir. 2021). Finally, as this Court recently emphasized, the invited-error doctrine does not apply when "an *opposing* party invites the error." *United States v. Charles*, 129 F.4th 1334, 1339 (11th Cir. 2025).

### 2.    Ridgard did not invite the error

At the instant revocation proceeding, the government and probation office (for the first time in this criminal case) claimed the district court could impose two consecutive 24-month maximum prison terms and two supervised release terms for Ridgard's violations of supervised release.  *Compare* Reply Statement of Facts, p. 4, Table 1, *with* 2025 U.S. Probation Memorandum at 4 (Jan. 30, 2025); Doc. 194 at 23 (government's statement that "the statutory maximum for both [counts] is two years").  And for the first time, the government and probation office asked the district court to sentence Ridgard to two consecutive prison terms, requesting two consecutive 18-month terms (36 months total).  *Compare* Reply Statement of Facts, pp. 4-5, *supra*, *with* Doc. 194 at 20, 23 (government's sentencing request, "concur[ring] with the recommendation of Probation").   The government and probation office also requested a ten-year term of supervised release to follow.  Doc. 194 at 20, 23.

Defense counsel initially asked the district court to consider a sentence of "eight months concurrent" in prison "with five years of supervised release to follow."  Initial Br. at 4; Doc. 194 at 11.  But after the district court made clear it would not consider a sentence within the 4-to-10-month guidelines range, the defense recommended "a year" in prison with supervised release to follow.  Initial Br. at 4-5; Doc. 194 at 13, 19.

To claim that the invited-error doctrine applies here, the government points to Ridgard's failure to object to the statutory penalties below and to the initial defense request for "*eight months concurrent* with five years of supervised release to follow."  Gov't Br. at 29-30 (quoting Doc. 194 at 11 (emphasis added)).[3]  The government posits that Ridgard's request for a "concurrent" prison sentence invited the district court to "impose *two terms* of imprisonment" and "necessarily acknowledged" that "Ridgard had been serving two supervised-release terms."  *Id.* at 30.  But the government's attempt to apply the invited-error doctrine here is contrary to the record and this Court's precedent.

The error Ridgard has challenged on appeal is the district court's sentence above the statutory maximum, which the district court achieved by imposing two *consecutive* 24-month prison terms (48 months total) and two concurrent supervised release terms.  Initial Br. at 6-9.  Ridgard did not invite this error.  Ridgard did *not* request a *consecutive* prison sentence.  Nor did Ridgard request a prison sentence *exceeding* the statutory maximum of 24 months.  Nor, finally, did Rigard request *multiple* terms of supervised release.  *See* Doc. 194 at 11.

Ridgard's case thus stands in stark contrast to *Love*, on which the government relies.  Gov't Br. at 28, 30. There, the defendant convicted under the contempt statute

---

[3]    The government does not claim that Ridgard's ultimate sentence recommendation of one year prison with supervised release to follow invited any error.  *See id.* at 27-30.

sought to appeal whether supervised release was statutorily authorized or had a one-year maximum, even though defense counsel had "repeatedly requested" supervised release in lieu of additional jail time below and "even suggested the court impose" two years of supervised release.  449 F.3d at 1156-57.  Here, by contrast, Ridgard did not request the consecutive, exceeding-24-months' prison and two-supervised-release-term sentence that the district court imposed and then try to appeal it.

The government nonetheless contends Ridgard's initial request for a "concurrent" prison sentence invited the district court to impose "*two terms* of imprisonment."  Gov't Br. at 30.  But the government has confused the error.  The imposition of two prison terms, without more, is not the error the district court committed.[4]  The error is imposing two *consecutive* prison terms of 24 months each and *two* supervised release terms, which Ridgard never requested.  Doc. 194 at 11, 19.

---

[4]    That is shown with a test.  Suppose the district court had accepted Ridgard's initial recommendation of "eight months concurrent with five years of supervised release to follow."  Ridgard would serve a total of eight months in prison, which is within the 24-month maximum.  18 U.S.C. § 3583(e)(3).  Because there is no special assessment for multiple prison terms, *see* Doc. 179 (judgment), there would also be no collateral consequence of the concurrent eight-month prison terms.  *See, e.g., United States v. Green*, 158 F.4th 1347, 1374 (11th Cir. 2025) (explaining concurrent-sentence doctrine).  Further, because Ridgard did not request two supervised release terms to follow, he would serve only one supervised release term and not be prejudiced in the future by serving more than one term.

10

The only party that requested consecutive prison sentences is the government, when it requested two consecutive 18-month terms. Doc. 194 at 20, 23. The invited-error doctrine, however, does not apply when "an *opposing* party invites the error." *Charles*, 129 F.4th at 1339.

In its Statement of the Facts, the government acknowledges that the prosecutor and probation office recommended that the district court sentence Ridgard to two consecutive 18-month terms of imprisonment. Gov't Br. at 22. Ridgard's argument for a concurrent sentence was thus an effort to defend against the government and probation office's request for consecutive prison sentences. *See id.* at 30 (summarizing the request as "a request . . . to run them concurrently rather than consecutively"). A request for a *concurrent* sentence is certainly not an express agreement to the government's request for *consecutive* prison sentences. *See, e.g.*, *Hamilton*, 853 F. App'x at 603 (rejecting defendant invited error where he did not unambiguously support government's claim that consecutive sentences were required); *cf. United States v. Williams*, 361 F. App'x 45, 47 (11th Cir. 2010) (applying invited error where "attorney agreed" that the guidelines "directed the court to impose a consecutive sentence").

Nor, importantly, did Ridgard's request for a sentence of "eight months concurrent" invite the district court to impose a prison term above the statutory 24-

11

month statutory maximum.  *See* n.4, *supra*.  The government's request to apply the invited-error doctrine is accordingly misplaced here.

Furthermore, Ridgard's request for "eight months concurrent with five years of supervised release to follow" did not invite the district court to impose *two* concurrent supervised release terms of life to follow.  *See, e.g., Dortch*, 696 F.3d at 1112 (requiring an unambiguous statement for invited error).  The invited-error doctrine therefore does not shield the district court's error of imposing more than one supervised release term.

Ultimately, the government has not, and cannot, point to any request by Ridgard for two consecutive prison sentences or two supervised release terms, the error the district court committed.  *See* Gov't Br. at 27-30.  Instead, the government attempts to apply the invited-error doctrine to what it says must have been an underlying premise to Ridgard's "eight month concurrent" request—that defense counsel "necessarily acknowledged" that "Ridgard had been serving two supervised-release terms."  *Id.* at 30.  But there are at least two problems with this assertion.

First, whether Ridgard was serving one or two terms of supervised release was decided by the district court when it imposed sentence *at the earlier proceedings*.  Indeed, the entire argument between the parties on appeal is whether the district court imposed one or two supervised release terms at the original sentencing and the 2017 and 2020 revocation proceedings.  *Compare* Initial Br. at 6-9; Reply Argument

12

B, *infra*, *with* Gov't Br. at 33-41.  Ridgard was serving the ten-year supervised release term the district court imposed in 2020 when he committed the instant violations.  *See* Initial Br. at 4, 7; Gov't Br. at 17.  Ridgard accordingly did not invite an error at the instant (2025) revocation proceeding as to the term of supervised release the district court had imposed at the earlier proceedings.  The government ignores this timing problem when it asks this Court to apply invited error.  *See* Gov't Br. at 30.[5]

Second, in any event, the government reads too much into defense counsel's "eight months concurrent" request.  That initial request attempted to defend against the government and probation office's request for consecutive prison sentences.  *See* pp. 8, 11, *supra*.  The district court rejected defense counsel's request, telling counsel it would not consider an eight-month, within-guidelines sentence.  *See* p. 8, *supra* (citing Doc. 194 at 13).  Defense counsel then asked the district court to consider "a year" in prison (also within the 24-month statutory maximum), with no mention of "concurrent."  *See* p. 8, *supra* (citing Doc. 194 at 19).

Defense counsel was thus clearly seeking a more lenient prison term at the instant hearing.  But counsel did not expressly address the number of supervised release terms Ridgard had been serving.  Doc. 194 at 11-19.  Further, at no point did

---

[5]    The government also does not suggest that Ridgard invited any error at the earlier proceedings.  *See id.*

defense counsel request a sentence above the statutory maximum that applies when a defendant is serving only one term of supervised release. *Cf. Love*, 449 F.3d at 1157 (defense counsel both failed to object to the statutory penalties and requested a supervised release term before the district court, but later claimed on appeal that the term it requested exceeded the maximum).

Indeed, the only party that requested a sentence above the statutory maximum was the government. The Court should accordingly reject the government's attempt to apply invited error here.

> **B.      At each of the previous supervised release revocation proceedings, held in 2017 and 2020, the district court, government, and probation office all recognized the statutory maximum of 24 months in prison—the maximum that applies when a defendant is serving one term of supervised release**

The record makes plain that Ridgard was serving, and had only ever served, one term of supervised release. Initial Br. at 6-9; *see* Reply Statement of Facts, *supra*. The government insists the record is not plain, but it ignores the material portions of the record in making its argument. Gov't Br. at 30-41.

To recap, at the original sentencing the district court imposed "a term" of five years of supervised release. Doc. 87 at 16 (oral pronouncement); Doc. 46 at 3 (written judgment). As this Court has held, "[t]he use of the singular 'a term' plainly refers to only one term of supervised release." Initial Br. at 7 (quoting *United States v. Starnes*, 376 F. App'x 942, 945 (11th Cir. 2010) (citing *United States v. Eskridge*,

14

445 F.3d 930, 935 (7th Cir. 2006)); see *id.* (citing *United States v. Dillon*, 725 F.3d 362, 363, 365-68 (3d Cir. 2013)).  Moreover, that the district court had imposed only one term of supervised release at the original sentencing is readily—and plainly—confirmed by the statutory penalties applied when Ridgard violated that term.

In 2017, the district court, government, and probation office all recognized that the statutory maximum prison term was 24 months—the maximum that applies when a defendant is serving only one term of supervised release.  Initial Br. at 2-3, 7; *see* Reply Statement of Facts, p. 4 & Table 1.  For that violation, the district court sentenced Ridgard to 22 months in prison (within the 24-month statutory maximum) and again imposed "a term" of supervised release.  Doc. 98 at 39-40 (oral pronouncement, imposing "a" lifetime of supervised release); Doc. 79 at 3 (written judgment, imposing "a term" of life supervised release).

When Ridgard violated that term in 2020, the district court, government, and probation office once again applied the statutory maximum when a defendant violates one supervised release term, *i.e.*, 24 months in prison.  Initial Br. at 3, 7; *see* Reply Statement of Facts, p. 4 & Table 1.  The government, conveying the probation office's sentencing recommendation, requested that the district court sentence Ridgard to 24 months in prison, expressly telling the district court that that "is the maximum statutory provision."  *See* Reply Statement of Facts, pp. 4-5 & Table 1 (quoting Doc. 193 at 12).

15

The government also asked the district court at the 2020 hearing to "reduc[e]" Ridgard's supervised release from life to ten years. *See id.* at p. 5 (quoting Doc. 193 at 15). The district court sentenced Ridgard to seven months in prison (within the 24-month statutory maximum) and agreed to "reduce[] the term" of supervised release, imposing "a ten-year term of supervised release." Doc. 193 at 19 (oral pronouncement) (emphasis added); *see* Doc. 127 at 2-3 (written judgment, imposing "a term" of 10 years of supervised release). Ridgard was serving this singular 10-year term of supervised release imposed in 2020 when he committed the instant violations. Initial Br. at 4, 7.

The record thus plainly establishes that Ridgard was serving (and had only ever served) one term of supervised release. *See id.* at 6-9. The government resists this conclusion. Gov't Br. at 33-41. But nowhere in its eight-page argument does it acknowledge the 24-month statutory maximum that was applied at Ridgard's 2017 and 2020 revocation hearings. *See id.* Nor, quite notably, does it acknowledge its own statements before the district court at both the 2017 and 2020 hearings recognizing that Ridgard's statutory maximum prison term was 24 months— including its statement at the 2020 hearing when it requested this "maximum" prison term. *Compare id.*, *with* Reply Statement of Facts, pp. 4-5 & Table 1. The government, however, cannot ignore the material portions of the record and then claim the record is not plain.

16

Rather than addressing these portions of the record, the government speculates that the district court "likely" imposed two supervised release terms at the original sentencing and "appeared" to do so again at the 2017 and 2020 revocation hearings. Gov't Br. at 35-36, 40.  To get there, the government notes that the district court at the original sentencing imposed "a term" of imprisonment of 151 months and "a term" of five years of supervised release.  *Id.* at 33.  The government contends that the district court's sentence is "much like" a general sentence, meaning "an undivided sentence on both counts."  *Id.* 34 & n.9.  The government takes that "undivided" sentence and then divides it, presuming that the district court actually meant to impose "two terms of supervised release."  *Id.* at 34.  From there, the government reasons that the district court "likely" imposed five-year terms on each of the two counts because they "were similar offenses that carried the same supervised-release penalties."  *Id.* at 34-35.  Finally, having contended that the district court "likely" imposed two supervised release terms at the original sentencing, the government suggests it "appeared" to do so again at the 2017 and 2020 revocation hearings.  *Id.* at 39-41.

But this Court has made clear that it looks to the supervised release term the district court actually imposed, not what the government thinks the district court meant to impose.  *See Starnes*, 376 F. App'x at 945-46 (rejecting government's efforts to "fight against" the plain meaning of the original sentence); *accord*

17

*Eskridge*, 445 F.3d at 934 (reviewing the transcript to see the supervised release term the district court "actually imposed"); *Dillon*, 725 F.3d at 367 (rejecting government's argument as to what the district court "actually *meant*"). Here, as Ridgard has demonstrated, the record is plain that the district court imposed only one term of supervised release at the original sentencing and at the 2017 and 2020 revocation hearings. *See* pp. 14-16, *supra*.

The government's suggestions to the contrary thus fall short.

The government first contends that the district court's original sentence, "a term" of 151 months in prison and "a term" of five years of supervised release, is "much like" a "general sentence," which occurs when a district court imposes an "undivided" term that exceeds the statutory maximum on one count. *See* Gov't Br. at 34-37 & n.9 (citing *United States v. Moriarty*, 429 F.3d 1012, 1018, 1023-25 (11th Cir. 2005)). But the district court's decision to impose "a term" of five years of supervised release is *not* a general sentence. It is well below the statutory maximum of life. *See* Reply Statement of Facts, pp. 2-3. There is thus no "undivided" term of supervised release for the government to try (now) to divide into two. *See* Gov't Br. at 35; *id.* at 39-40 & nn.10-11; *cf. United States v. Hollins*, 664 F. Appx 779, 780-81 (11th Cir. 2016) ("[T]he district court did appear to impose a general sentence"

18

where the four-year supervised release term exceeded the statutory maximum on one count).[6]

Nor is it "likely" that the district court imposed two supervised release terms at the original sentencing. *See* Gov't Br. at 35. The district court did not say that it did. Doc. 87 at 16 (oral pronouncement); Doc. 46 at 3 (written judgment). Nor did the government request that the district court impose two supervised release terms; in fact, the prosecutor did not even address supervised release at the original sentencing, let alone ask the district court to impose more than one term. *See* p. 3, *supra*. Moreover, when Ridgard violated that term in 2017, the district court, government, and probation office all recognized the 24-month maximum prison sentence, confirming that Ridgard was serving only one supervised release term. *See* pp. 15-16, *supra*.

The government's claim that the district court then "appeared" to impose two prison and two supervised release terms at the 2017 and 2020 revocations hearings

---

[6]    As to the prison sentence, the district court was not required to impose two terms; the second count carried no mandatory-minimum term of imprisonment. *See* pp. 2-3, *supra*. Moreover, even if the government is now implying that the district court imposed a "general sentence" as to the prison term (Gov't Br. at 34 n.9), the question at this stage of the proceedings is what term the district court actually imposed, not what the government argues the court should have imposed. *See* *Starnes*, 376 F. App'x at 945-46 (recognizing that an earlier error cannot be corrected at this stage) (quoting *Eskridge*, 445 F.3d at 946)). Thus, although the government now wants to break "a term" of 151 months into two (though it does not explain how), the district court imposed only "a term" of prison.

is therefore simply inaccurate. Gov't Br. at 40. Having recognized the 24-month maximum prison term that applies when a defendant had been serving one supervised release term, the government requested, and the district court imposed, one prison and one supervised release term to follow at the 2017 hearing. The same thing occurred at the 2020 hearing. *See* Reply Statement of Facts, pp. 3-5. Notably, at the 2020 hearing, the government asked the district court to impose the "maximum" of 24 months in prison but to *reduce* Ridgard's supervised release from life to ten years. Doc. 193 at 12, 15, 19-21. Ridgard was serving this singular, 10-year term the government requested, and the district court imposed, in 2020 when he committed the instant violations. *See* pp. 3-5, 14-16, *supra*.

The government further posits that this Court, at times, may interpret the district court's imposition of supervised release to mean "concurrent" terms on multiple counts. *See* Gov't Br. at 35 (citing *United States v. Gresham*, 325 F.3d 1262, 1263 & n.1 (11th Cir. 2003); *Eskridge*, 445 F.3d at 934).[7] But this Court does not substitute its interpretation in place of what the district court actually imposed to increase the statutory maximum. *Starnes*, 376 F. App'x at 945-46; *accord Eskridge*, 445 F.3d at 934-35; *Dillon*, 725 F.3d at 367. As this Court has explained, "[i]f the

---

[7]     *Gresham* presented a question of statutory interpretation concerning whether, before the effective date of 18 U.S.C. § 3583(h), a defendant receives credit under 18 U.S.C. § 3583(e)(3) for the supervised release term already served before the term is revoked. 325 F.3d at 1265-68.

district court had meant to impose two concurrent terms of supervised release, it would have said so." *Starnes*, 376 F. App'x at 945; *accord Eskridge*, 445 F.3d at 934-35 (sending for the transcript of the sentencing hearing to see what the district court actually imposed and concluding that the district court had imposed only one term of supervised release).    In Ridgard's case, here are the district court's impositions of supervised release:

Table 2.  Supervised Release Term Imposed in this Case

|  | Supervised Release |
|---|---|
| **Original sentencing** | "a term of five years" (Doc. 87 at 16) |
| **2017 revocation** | "a lifetime of supervised release" (Doc. 98 at 40) |
| **2020 revocation** | "a ten-year term of supervised release" (Doc. 193 at 19) |
| **The instant revocation** | "a lifetime of supervised release on Count 1 and 2 *to run concurrently*" (Doc. 194 at 25) (emphasis added) |

Had the district court meant to impose concurrent supervised release terms in Ridgard's case at any of the three earlier proceedings—at the original sentencing, at the 2017 revocation hearing, or at the 2020 revocation hearing— "it would have said so.  But it did not." *Starnes*, 376 F. App'x at 945-46.  Indeed, the only time the district court specified two supervised release terms "to run concurrently" was at the instant revocation hearing, reinforcing that the district court had *not* done so at the earlier proceedings.

Finally, the government attempts to distinguish *Starnes* and *Dillon* on the basis that the district court in Ridgard's case also used the phrase "a term" when it

imposed the prison term at the original sentencing.  Gov't Br. at 37-39.  But, as addressed above, that argument does not help the government.  *See* p. 19 & n.6, *supra*.  In addition, Ridgard's record, even more so than *Starnes* and *Dillon*, readily answers the question of whether "a term" of supervised release meant one term.  The district court, the government, and probation office all confirmed that Ridgard was serving one supervised release term at each of the 2017 and 2020 revocation hearings when they recognized 24 months in prison as the statutory maximum for violating that supervised release term.  The government's argument on appeal ignores that inconvenient fact.

In sum, the record plainly establishes that Ridgard was serving only one supervised release term when he committed the instant violations.  He was serving the singular 10-year term the government requested, and the district court imposed, in 2020.  The district court's sentence of two consecutive 24-month prison terms and two concurrent life terms of supervised release thus plainly exceeds the statutory maximum.  Initial Br. at 6-9 (citing *Starnes*, 376 F. App'x at 945-47; *Dillon*, 725 F.3d at 368-69).

**C.  The district court's sentence of 48 months in prison and two lifetime terms of supervised release exceeds the statutory maximum applicable to Ridgard and must be vacated on any standard of review**

The government lastly argues that Ridgard's sentence should not be remedied under prong four of plain-error review because it contends that Ridgard has not

22

shown that the error seriously affects the fairness, integrity, or public reputation of the proceedings. Gov't Br. at 41-42. But the error here is a sentence that exceeds the statutory maximum, which is an "illegal sentence" that squarely meets the fourth prong of plain-error review. Initial Br. at 8-9; *see Charles*, 129 F.4th at 1339 (concluding district court imposed an "illegal sentence" when it sentenced the defendant above the statutory maximum term of supervised release).

As this Court recently reiterated, "[s]tatutory maximums are *limits* imposed by *Congress* on the punishment a court may impose." *Charles*, 129 F.4th at 1338. Because Ridgard was serving only one supervised release term, the statutory maximums that Congress has imposed here are 24 months in prison and one life term of supervised release to follow. Initial Br. at 6-8. "This limit on judicial authority is absolute." *Charles*, 129 F.4th at 1338. The district court accordingly lacked the authority to impose a sentence exceeding these statutory maximums at the instant revocation hearing. *See, e.g.*, *id.* at 1338-39; *United States v. Bushert*, 997 F.2d 1343, 1350 n.18 (11th Cir. 1993); *Starnes*, 376 F. App'x at 946-47; *Dillon*, 725 F.3d at 368-69.

This Court corrects such sentences exceeding the statutory maximum under any standard of review. Initial Br. at 8-9; *see United States v. Cobbs*, 967 F.2d 1555, 1558 (11th Cir. 1992) ("[I]f the district court imposed an illegal sentence in its restitution order by requiring restitution beyond that authorized by statute, Cobbs is

entitled to relief notwithstanding his failure to object at sentencing."); *United States v. Klopf*, 423 F.3d 1228, 1244-45 (11th Cir. 2005) (concluding a remand "is necessary" where sentence exceeded statutory maximum, though neither party had brought the error to the district court's attention).  As this Court has explained, depriving a defendant of his liberty "beyond what the law allows would seriously call into question the fairness, integrity, and public reputation of his judicial proceeding."  *Starnes*, 376 F. App'x at 947; *accord United States v. Sanchez*, 586 F.3d 918, 930 (11th Cir. 2009) (vacating sentence exceeding statutory maximum on plain-error review).  Ridgard accordingly requests that this Court vacate the sentence that exceeds the statutory maximum.

## CONCLUSION

Based on the initial brief and foregoing reply, the Court should vacate Ridgard's sentence and remand for resentencing within the statutory maximum of 24 months in prison and one term of supervised release to follow.

Respectfully submitted,

Charles L. Pritchard, Jr.
Federal Public Defender
Middle District of Florida

*/s/ M. Allison Guagliardo*
M. Allison Guagliardo, Esq.
Florida Bar No. 0800031
Assistant Federal Defender
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone:  (813) 228-2715
Email:  allison_guagliardo@fd.org
Counsel for Appellant Ridgard

## CERTIFICATE OF COMPLIANCE

In accordance with Fed. R. App. P. 32(g)(1), I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7) because it contains 5,764 countable words according to Microsoft Word's word count.

25

## CERTIFICATE OF SERVICE

I certify that on February 4, 2026, the foregoing was filed using the Court's Electronic Case Filing system, which will serve notice of the filing on the U.S. Attorney's Office.

/s/ M. Allison Guagliardo
M. Allison Guagliardo
Counsel for Appellant Ridgard

26